IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION FUND, *et al.* | : : : : | CIVIL ACTION |
| v. | : : | No. 25-2008 |
| MOSSI CONSTRUCTION, INC. | : : | |

**McHUGH, J.**                                                                                         **October 14, 2025**

**MEMORANDUM**

This is an ERISA action brought by several Laborers District Council Funds ("Plaintiff Funds"), the Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity, and the General Building Contractors Association against Defendant Mossi Construction, Inc., seeking to enforce the terms of a collective bargaining agreement following Defendant's failure to pay contributions.[1]  Following Mossi Construction's failure to appear, the Clerk of Court entered default on October 3, 2025.  *See* ECF 8.  Plaintiffs move for an entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b), supported by appropriate documentation and an affidavit from counsel.  *See* Mot. for Default J., ECF 6.  My review of the record confirms that Defendants were properly served with the Complaint and the pending motion but have failed to appear or respond within the time allowed.  As such, default judgment will be entered against Defendant.

**I.      Relevant Background**

Plaintiffs are the Laborers' District Council Construction Industry Pension Fund; the Laborers' District Council Heavy and Highway Health and Welfare Fund; the Laborers' District

---

[1] Jurisdiction exists pursuant to 29 U.S.C. §§ 185, 1132, and 1145.

Council Education and Training Fund; the Laborers' District Council Local, Regional, and State Health and Safety Benefit Fund; the Laborers' District Council Prepaid Legal Fund; the Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity, Laborers' International Union of North America ("Union"); the Laborers'-Employers' Cooperation and Education Trust; and the General Building Contractors Association.

Mossi Construction is a Pennsylvania company that transacts business as a contractor or subcontractor in the construction industry, and as such is an "employer in an industry affecting commerce" as defined by ERISA. *See* 29 U.S.C. §§ 1002(5), (11), and (12). At all times relevant to this action, Mossi Construction was party to a Collective Bargaining Agreement ("CBA") and Trust Agreements with the Union. *See* Compl. ¶¶ 14-15, ECF 1. The CBA requires Mossi Construction to make contributions to the Plaintiff Funds based upon hours worked by employees covered by the CBA. *Id.* ¶¶ 16, 31. Plaintiffs assert that, according to an audit, Mossi Construction owes Plaintiff Funds $55,355.06 in unpaid contributions for the period between July 1, 2023 and May 31, 2025, in addition to accrued interest, audit costs, and attorney's fees. Mot. for Default J. ¶¶ 9, 16, ECF 6; *see also* 29 U.S.C. § 1132(g)(2). As such, Plaintiffs filed suit seeking payment of unpaid employer contributions, accrued interest, audit costs, and attorney's fees, and move for default judgment for an amount totaling $66,891.27, as well as leave to file a supplemental affidavit of additional attorney's fees. Compl. ¶ 22; Mot. for Default J. ¶ 9.

Defendant Mossi Construction has failed to appear or otherwise defend in this matter. Plaintiffs filed their Complaint against Mossi Construction on April 21, 2025. Compl. at 12; Mot. for Default J. ¶ 2. The summons and a copy of the Complaint were served on Mossi Construction on April 22 and Mossi Construction executed a waiver of service on May 8, 2025. Mot. for Default J. ¶ 3; Waiver of Serv., ECF 5. Due to the waiver of service, Mossi Construction had until July 8

2

to respond to the Complaint.  Mot. for Default J. ¶ 5.  Mossi Construction did not respond to the Complaint or otherwise make an appearance.  Plaintiffs filed a request for default, which the Clerk of Court entered on October 3.  *See* Req. for Default, ECF 7; Entry of Default by Mossi Construction, Inc., ECF 8.  Plaintiffs filed this Motion for Entry of Default Judgment on August 8 and properly served Mossi Construction.[2]  *See* Certificate of Serv., ECF 6-3.  Mossi Construction has not responded, appeared, or otherwise opposed the motion.

## II.     Discussion

### A.  Award of Default Judgment

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Following the entry of default, the clerk may enter a default judgment if the plaintiff's claim is for a sum certain, but otherwise the plaintiff must apply to the court for judgment.  Fed. R. Civ. P. 55(b).  It is within the court's discretion whether to enter a default judgment.  *Hritz*, 732 F.2d at 1180.

In its exercise of discretion, the court must consider three factors as to whether a default judgment should be granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the

---

[2] It is generally accepted that, under Federal Rule of Civil Procedure 55, a party must be granted default before obtaining default judgment.  *See, e.g.*, *Axalta Coating Sys., LLC v. SRS Ventures, Inc.*, No. CV 21-03800, 2022 WL 874951, at *2 (E.D. Pa. Mar. 24, 2022) (McHugh, J.) ("Following the prerequisite entry of default, the decision to enter a default judgment is left to the court's discretion." (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984))); *De Tore v. Jersey City Pub. Emps. Union*, 511 F. Supp. 171, 176 (D.N.J. 1981): ("[N]o default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").  Here, Plaintiffs mistakenly filed for default judgment prior to default, but because the Clerk of Court has granted default, I may now grant default judgment.

defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Here, the analysis is more or less straightforward due to Mossi Construction's lack of participation in the litigation, and consideration of the factors ultimately weighs in favor of granting a default judgment. First, there is a risk of prejudice to Plaintiffs if default judgment is denied, as Plaintiffs are owed tens of thousands of dollars under the terms of the CBA and Trust Agreements. Any further delay in adjudication will necessarily prejudice Plaintiffs' right to the amount owed, particularly when there is not an inkling of indication that Mossi Construction intends to participate in this litigation. Second, it is unknown if the Defendant has any litigable defenses because Mossi Construction has not asserted any defense, either by answering the allegations of the Complaint or by opposing the present Motion for Default Judgment. Mossi Construction entered into the CBA and Trust Agreements, assenting to payment requirements, and then breached those provisions by its failure to pay without any excuse for nonperformance. No legal or equitable defense is obvious on the face of the Complaint. For the third factor, Mossi Construction has neither engaged in this litigation process nor offered any reason for his failure to appear—nor is any reason ascertainable from the record. Having reviewed the filings, I am satisfied that Defendant's failure to answer, appear, or in any way respond to the Complaint or the present motion is due to their own culpable conduct.

### B. Liability and Damages

"A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10A Fed. Prac. & Proc. Civ. § 2688 (2d ed.)); *see also Cement & Concrete Workers Dist. Council Funds v. Metro Found. Contractors Inc.*,

699 F.3d 230, 234 (2d Cir. 2012) ("There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence . . . based upon . . . review of detailed affidavits and documentary evidence."). Pursuant to 29 U.S.C. § 1132(g)(2), the CBA, and Trust Agreements, Plaintiffs seek unpaid contributions, plus interest, audit fees, and attorneys' fees and costs.[3]  Mot. for Default J. ¶ 9, ECF 6.

The allegations in the Complaint, taken as true, are sufficient to show that Plaintiffs are entitled to damages for their breach of contract claim.  Under the CBA, Mossi Construction agreed to pay certain sums of money to the Plaintiffs for each hour worked by employees.  Compl. ¶¶ 14-15, ECF 1.  Plaintiffs credibly assert that Mossi Construction failed to pay the amounts due between July 1, 2023 and May 31, 2025.  Mot. for Default J. ¶¶ 9, 16.  This is a clear breach of contract.

According to audits, Mossi Construction owes Plaintiffs $55,355.06 in unpaid contributions.  Mot. for Default J. ¶ 9(a); *id.* Ex. D ("Audits"), at 6, 14, ECF 6-8.  Under the contract, Mossi Construction also agreed to pay interest "at the prime lending rate plus two percent on all contributions paid to the Funds after the date upon which they were due."  Compl. ¶ 17(e); Mot. for Default J. ¶ 9(b); *see also* 29 U.S.C. § 1132(g)(2)(E) ("[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.").  Plaintiffs assert that the total interest on the unpaid contributions is $4,164.21, calculated using a total rate of 12%.  *See* Mot. for Default J. ¶ 9(b); *id.* Ex. E, at 2, ECF

---

[3] According to ERISA, Plaintiffs are entitled to the unpaid contributions; interest on the unpaid contributions; an amount equal to the greater of (1) the interest on the unpaid contributions, or (2) the liquidated damages as provided for under the agreement; reasonable attorneys' fees and costs; and "other legal or equitable relief as the court deems appropriate."  29 U.S.C. § 1132(g)(2).

6-9. The CBA also requires Mossi Construction to pay Plaintiffs a $2,000 fee for the audit of Mossi Construction's unpaid contributions. Compl. ¶ 19. I find each of these requests to be fair, reasonable, and warranted.

Additionally, the CBA and Trust Agreements require that an employer who fails to pay contributions also pay reasonable attorneys' fees and costs. Compl. ¶ 17(d); *see also* 28 U.S.C. § 1132(g)(2)(D) (authorizing attorneys' fees and costs for ERISA funds). "[I]n successful actions for delinquent payments, attorneys' fees are no longer discretionary," and attorneys' fees, costs and liquidated damages are mandatory if delinquent contributions are awarded to the Plaintiffs. *United Retail & Wholesale Emps. Teamsters Union Loc. No. 115 Pension Plan v. Yahn & McDonnell, Inc.*, 787 F. 2d 128, 135 (3d Cir. 1986). Plaintiffs are therefore entitled to the interest and attorneys' fees and costs, both under their contracts and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2). According to counsel's affidavit and supporting documentation, Plaintiffs are owed $4,970 in attorneys' fees and $405 for the cost of filing, for a total of $5,375.00. *See* Mot. for Default J. ¶ 9(d); *id.* Ex. F, ECF 6-2. I find this request fair and reasonable.

Lastly, the Trust Agreements also permit Plaintiffs to collect a fee for audits of Mossi Construction. Compl. ¶ 19. Plaintiffs request $2,000 for the audit fee, as supported by documentation. *See* Mot. for Default J. ¶ 9(c); *id.* Ex. D. I find this request fair and reasonable.

### III. Conclusion

Plaintiff's Motion for Default Judgment will be granted. Counsel may file a supplemental affidavit concerning attorney's fees. An appropriate order follows.

/s/ Gerald Austin McHugh<br>
United States District Judge